| | |
|---|---|
| GARY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00540 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is a Report and Recommendation ("R&R") (Doc. No. 27) that recommends denying Gary Harris's Motion for Judgment on the Administrative Record (Doc. No. 22) and affirming the Social Security Commissioner's decision. Plaintiff filed Objections (Doc. No. 28) and Defendant filed a Response (Doc. No. 29). The Court has conducted a *de novo* review in accordance with Rule 72 of the Federal Rules of Civil Procedure and agrees with the recommended disposition. Accordingly, this action will be dismissed.

The Court need not repeat the R&R's summary of the relevant procedural history or the well-established five-step disability evaluation process. (See Doc. No. 27 at 2–6.) Plaintiff makes five specific objections to the R&R,[1] and the Court will address them in turn.

## I. New and Material Evidence

Plaintiff first argues that new and material evidence supports a finding of disability. (Doc. No. 28 at 5–6.) Under sentence six of 42 U.S.C. § 405(g), a remand "for consideration of additional

---

[1] The Objections (Doc. No. 28) reproduce, essentially verbatim, the arguments from Plaintiff's Brief in Support of Motion for Judgment on the Administrative Record (Doc. No. 22-1). The Court will address only the issues to which Plaintiff specifically objected. See Middleton v. Octapharma Plasma, Inc., No. 19-1943, 2020 WL 5000070, at *1 (6th Cir. Mar. 26, 2020) (citations omitted) ("[A] general objection to a magistrate judge's report is considered tantamount to no objection at all.").

evidence is warranted only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010) (citing Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001)).

Plaintiff focuses on materiality. (Doc. No. 28 at 5–6.) "[E]vidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" Foster, 279 F.3d at 357 (quoting Sizemore v. Sec'y of Health and Human Servs., 865 F.2d 709, 711 (6th Cir. 1988)). Here, Plaintiff cites to a consultative exam by Dr. Stephen Goewey in October 2019, more than a year after the hearing before the ALJ. (Doc. No. 27 at 8.) Dr. Goewey relied on medical records from after the ALJ's decision. (See Doc. No. 22-2 at 1.) The Magistrate Judge, therefore, properly deemed the October 2019 exam "'immaterial' because it does not necessarily speak to [Plaintiff's] condition at the relevant time." Ferguson, 628 F.3d at 277–78 (citations omitted).

Additionally, as to good cause, Plaintiff states only that this exam was not available for the ALJ's consideration because it "was administered well after the ALJ's decision." (Doc. No. 28 at 6.) But the Sixth Circuit has clearly explained that "timing alone does not satisfy the 'good cause' requirement." Courter v. Comm'r of Soc. Sec., 479 F. App'x 713, 725 (6th Cir. 2012) (citing Oliver v. Sec'y of Health and Hum. Servs., 804 F.2d 964, 966 (6th Cir. 1986)). The Court therefore agrees with the Magistrate Judge that the new evidence cited by Plaintiff does not require a remand.

## II. Failure to Admit Evidence

Second, Plaintiff contends that the ALJ failed to admit timely-submitted evidence. (Doc. No. 28 at 6–7.) Claimants must submit evidence "no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 404.935(a). The Magistrate Judge concluded that the ALJ improperly excluded timely evidence, but that the error did not warrant remand, in part, because

the excluded evidence repeated information already in the record. (Doc. No. 27 at 10–12.) Plaintiff objects, seemingly arguing that such an error requires remand in all cases. (Doc. No. 28 at 7.)

To the extent that Plaintiff argues *all* such procedural errors require remand, he is mistaken. As the Magistrate Judge explained, the Court "will not remand for further administrative proceedings" where an agency "failed to adhere to its own procedures" "unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." Rabbers v. Comm'r Soc. Sec. Admin., 582 F.3d 647, 654 (6th Cir. 2009) (internal citations and quotation marks omitted); (Doc. No. 27 at 11.) Plaintiff fails to acknowledge this precedent.

Regardless, the omitted evidence repeats information that the ALJ did, in fact, consider. The ALJ omitted an August 2018 treatment note in which Dr. Patrick Ryan opined that Plaintiff would benefit from laser ablation of his varicose veins. (See Administrative Transcript ("TR"), Doc. No. 15 at 432–38.) This is consistent with Dr. John Keyser's May 2018 treatment note stating that he was submitting these procedures for insurance approval. (Id. at 502.) Plaintiff also testified at the hearing that doctors wanted to do varicose vein "procedures," and that his "last doctor's visit was a second opinion" to get approval. (Id. at 143, 151–52.) The ALJ admitted the May 2018 records and heard Plaintiff's testimony (id. at 169), so she was undoubtedly aware of the first opinion on which Dr. Ryan's second opinion was based. Plaintiff may disagree with the resolution of the admitted evidence, but he has not demonstrated that admitting Dr. Ryan's treatment note would have resulted in a different decision. As the Magistrate Judge concluded, therefore, the ALJ's error "was ultimately harmless" and does not justify remand. (Doc. No. 27 at 12.)

### III.   Severe Impairment

Plaintiff argues that the ALJ erred in failing to include varicose veins as a severe impairment at step two of the sequential disability evaluation process. (Doc. No. 28 at 7.) The

3

Magistrate Judge concluded, based on established Sixth Circuit precedent, that such a failure "cannot constitute reversible error" where an ALJ finds at least one severe impairment and completes the sequential disability evaluation process. (Doc. No. 27 at 12–13 (citing Maziarz v. Sec'y of Health & Hum. Servs., 837 F.2d 240, 244 (6th Cir. 1987)). Plaintiff's objection does not attempt to distinguish Maziarz in any way, except to say it is "from 1987." (Doc. No. 28 at 8.)

The Sixth Circuit reaffirmed Maziarz in 2020, stating as follows: "An erroneous finding of nonseverity at step two is . . . harmless where the ALJ properly considers nonsevere impairments at later steps." Emard v. Comm'r of Soc. Sec., 953 F.3d 844, 852 (6th Cir. 2020) (citing Maziarz, 837 F.2d at 244). In doing so, the Court explained that an ALJ can satisfy the requirement to "properly consider[] nonsevere impairments at later steps" by "mak[ing] clear that her decision is controlled by SSR 96-8p," which requires the ALJ to "consider all of the claimant's impairments, including impairments that are not severe." Id. at 851–52 (citations omitted). Here, the ALJ noted that she was bound by SSR 96-8p (TR at 168), stated that she carefully considered "the entire record" and "all symptoms" at step four (id. at 170), and discussed Plaintiff's varicose veins at step two (id. at 169). Accordingly, the ALJ's finding that Plaintiff's varicose veins were not a severe impairment does not justify remand. See Emard, 953 F.3d at 852 (affirming agency decision where "the ALJ did not specifically discuss the combined effect of [the plaintiff's] impairments or mention [his] nonsevere impairments in assessing his residual functional capacity," but "stated that she had carefully considered the entire record and 'all symptoms' at this step in the process").

**IV and V.     Weight Given to Drs. Thrush, Chung, and Gibson**

Finally, the Court considers Plaintiff's fourth and fifth objections together, as they are closely related. Plaintiff contends that the ALJ gave too much weight to the opinions of Dr. Thomas Thrush and Dr. Ok Yung Chung, non-examining medical consultants for the state ("state agency

4

medical consultants"), and not enough weight to the opinion of Dr. John Gibson, a treating physician. (Doc. No. 28 at 9–15.) The Magistrate Judge concluded that the ALJ's assessment of these medical opinions was supported by substantial evidence. (Doc. No. 27 at 19.)

Plaintiff objects, arguing that the state agency medical consultants' opinions are "inconsistent with themselves," and inconsistent with Dr. Goewey's October 2019 consultative exam. (Doc. No. 28 at 14.) As stated above, however, Dr. Goewey's exam took place about a year after the ALJ's decision and relied on post-decision medical records. This exam, therefore, is not relevant to the ALJ's consideration of the state agency medical consultants' opinions.

Moreover, although the assessments of the state agency medical consultants were not identical in all respects, the ALJ noted the differences in opinion, considered the extent to which each opinion was consistent with the record as a whole, and thoroughly explained the weighting of each opinion. (TR at 176.) Specifically, the ALJ gave Dr. Chung's opinion "great weight" because it was consistent with treatment notes, Plaintiff's reported activities, and the consultative exam of Dr. Woodrow Wilson. (Id.) The ALJ also gave Dr. Thrush's opinion "significant weight to the extent consistent with the record," noting that his opinion of Plaintiff's exertional limitations was consistent with treatment notes and Plaintiff's reported activities, but his opinion of Plaintiff's postural and exertional limitations was "somewhat pessimistic" in light of Dr. Wilson's consultative exam and the record as a whole. (Id.)

It is the responsibility of an ALJ—not the Court—to resolve conflicting evidence in the record. Emard, 953 F.3d at 849 (quoting Garner v. Heckler, 745 F.3d 383, 387 (6th Cir. 1984)) ("[W]e 'may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility.'"). Because the state agency medical consultants' opinions were supported by record evidence, it was within the ALJ's discretion to provide them "greater weight." See Reeves v.

5

Comm'r of Soc. Sec., 618 F. App'x 267, 274–75 (6th Cir. 2015) (citations omitted) ("[A]n ALJ may provide greater weight to a state agency physician's opinion when the physician's finding and rationale are supported by evidence in the record.").

Likewise, the ALJ was within her discretion to provide "little to no weight" to Dr. Gibson's opinion. (See TR at 171.) Plaintiff argues that the record supports Dr. Gibson's opinion as of "the time it was given," and that his condition then deteriorated. (Doc. No. 28 at 14–15.) As the Magistrate Judge explained, however, Plaintiff "only saw Dr. Gibson three times from 2013-2019," and his opinion "was inconsistent with other substantial evidence in the record." (Doc. No. 27 at 19–20 & n.5.) And as noted by the ALJ, this inconsistent evidence included Dr. Gibson's "own treatment notes" reflecting a "conservative course of action," Plaintiff's reported activities, and the opinions of Dr. Wilson, Dr. Thrush, and Dr. Chung. (TR at 171.) This cited evidence provided the ALJ a legitimate basis to discount Dr. Gibson's opinion. See Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 631 (6th Cir. 2016) (citations omitted) ("The ALJ noted that the records indicate Kepke received only conservative treatment for her ailments, a fact which constitutes a 'good reason' for discounting a treating source opinion."); Walters v. Comm'r of Soc. Sec., 127 F.2d 525, 532 (6th Cir. 1997) (citations omitted) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); Reeves, 618 F. App'x at 274–75.

## VI. Conclusion

For these reasons, the R&R (Doc. No. 27) is **APPROVED**, Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 22) is **DENIED**, and the Social Security Commissioner's decision is **AFFIRMED**.

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE